IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TASHA BONNER,<br><br>*Plaintiff,*<br>v.<br><br>S-FER INTERNATIONAL INC.<br>D/B/A SALVATORE FERRAGAMO,<br><br><br><br><br>*Defendant.* | Civil Action No.: 16-531 (CRC)<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Tasha Bonner ("Bonner" or "Plaintiff"), by and through the undersigned counsel, who brings this action for public accommodations discrimination on the basis of her race, color and personal appearance under the District of Columbia Human Rights Act pursuant to D.C. Code § 2-1402.31(a)(1), false imprisonment, intentional infliction of emotional distress and unlawful discrimination on the basis of race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended, ("Section 1981") against Defendant S-Fer International, Inc. d/b/a Salvatore Ferragamo ("Salvatore Ferragamo" or "Defendant"). In support thereof, Plaintiff avers as follows:

### INTRODUCTION

**EXTERIOR. RODEO DRIVE - DAY**

*Vivian comes to a posh woman's boutique. She hesitates for a moment. She enters.*

   **INTERIOR. BOUTIQUE - DAY**

1

*Vivian is no sooner in the door than she is subject to the disapproving stare of a SALESWOMAN standing behind the counter.*

>		SALESWOMAN
>	  (cooly)
>	May I help you?

>		VIVIAN
>	I'm just looking, thanks.

*Vivian tiptoes through the shop as if it was filled with delicate glass objects.  She cautiously examines a dress.  The Saleswoman quickly comes around the counter and approaches her.*

>		SALESWOMAN
>	Are you looking for something in
>	particular?

>		VIVIAN
>	Yes.  Something... conservative.

>		SALESWOMAN
>	Yes...

*Vivian eyes the Saleswoman, puzzled at her tone.  She examines a dress.*

>		VIVIAN
>	You have beautiful things.
>	   (no reply)
>	How much is this?

>		SALESWOMAN
>	I don't think it would fit you.

>		VIVIAN
>	  (beginning to get the
>	   drift)
>	I didn't ask if it would fit.
>	I asked how much it was.

>		SALESWOMAN
>	It's very expensive.

*Vivian's body tenses as she stares at the Saleswoman.*

>		VIVIAN
>	What is with you?

>		SALESWOMAN
>	  (unblinking)

```
     Excuse me?

          VIVIAN
     I'm going to spend money.

          SALESWOMAN
     I don't think we have anything
     for you here.  You're obviously
     in the wrong place.

Vivian is speechless.  She turns and stomps toward the door.
She stops and spins around staring at the Saleswoman.  Vivian
flips her off.  She throws the door open and storms outside.
The Saleswoman calmly strolls back to her counter and returns
to her place.

EXTERIOR. RODEO DRIVE - DAY

Vivian comes out onto the street and stands, lost.  She takes
a deep breath, trying to control herself.  Two women, in elegant
designer outfits, stroll by, eyeing Vivian as if she were a
freak.  Vivian suddenly feels naked.  She turns and hurries
away.
```

1. The similarities between the conduct of the boutique's staff in this classic scene from the major motion picture *Pretty Woman* and the discriminatory actions of Defendant Salvatore Ferragamo's employees toward Plaintiff Tasha Bonner are striking. However, this specific incident was in addition to being discriminated against on the basis of her race and color, as well as her physical appearance. In addition, the differences between Bonner and Julia Robert's character Vivian make the treatment of Bonner even more egregious. Tasha Bonner is a loving mother of a 5-year-old daughter, who, on the day in question, was smartly dressed. More importantly, unlike Julia Roberts's character Vivian, Tasha Bonner stood up for herself in the face of blatant discrimination by demanding to be told why she was asked to leave. When she did, the Defendant's employees falsely imprisoned her by locking the only exit and threatening to call the police.  After several minutes, Bonner was allowed to leave. She walked out the door, took a deep breath, trying to control herself. She felt naked; she turned, and hurried away.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343(a)(4), and 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in the District of Columbia and because at all relevant times, Defendants was doing business in the District of Columbia.

## PARTIES

4. Plaintiff Tasha Bonner is an African-American woman who resides in the District of Columbia. On September 22, 2015, Bonner was a lawful business invitee at Defendant's store in Washington, DC.

5. Defendant S-Fer International Inc., commonly referred to as Salvatore Ferragamo, is a high-end retail store that sells Italian clothing and accessories. Defendant runs a store located at 1001 H Street NW, Washington, DC 20001.

## STATEMENT OF FACTS

6. On or around September 22, 2015, Bonner lawfully visited Defendant's store to do some shopping.

7. Bonner walked into the store and warmly greeted the two Caucasian employees working in the store.

8. One of the employees asked her if she needed any help, to which she responded that she was just browsing.

9. Bonner browsed the merchandise and decided to try on three jackets. Bonner tried on the first two jackets and was about to try on the third one when a store employee flippantly asked her "if she knew the jacket cost $4,500.00."

10. Bonner looked at the price tag, which read "$6,500.00." She then asked the employee if the jacket was on sale, to which he responded that it wasn't. Bonner asked why he had stated the incorrect price, but the employee did not provide a reasonable response.

11. Instead, the employee rudely asked Bonner if she was going to buy the jacket and made a remark, which Bonner understood that he would prefer if she allowed him to physically handle the merchandise.

12. Insulted by the employee's behavior, Bonner stated that she was not going to buy the jacket and walked over to look at the shoe display.

13. The employee followed her closely to the shoe display.

14. Given the employee's prior remark and actions toward her, Bonner asked him if he would like to hand her the shoe from the display. The employee responded by immediately demanding that she leave the store.

15. Feeling embarrassed, threatened, and demeaned, Bonner angrily protested asking why she was being asked to leave the store.

16. The employee told Bonner that she was being asked to leave because she needed a membership to shop at Defendant's store. That statement was false as Salvatore Ferragamo is open to the public and Bonner knew it.

17. Bonner pulled out her phone and began recording the employees. She asked one of them if she was being asked to leave because the store required a membership, to which he eventually replied "yes."

18. Bonner continued to ask why she was being asked to leave and the employees tried to ignore her. Finally, one of the employees, realizing Bonner knew he was lying about the membership, stated that she was being asked to leave because of her "attitude."

19. After a few minutes of argument, one of the store employees stated he was calling the police. While that employee was on the phone, the other employee locked the front door and told Bonner, "You're not leaving." Bonner walked to the front door, but realized that any attempt to exit was futile since the door had been locked with a key from the inside. That door was Bonner's only available exit from the store.

20. Bonner was being detained in Defendant's store even though she was not suspected by the employees of doing anything unlawful or suspicious.

21. Bonner remained trapped in Defendant's store for several minutes before Defendant's employees unlocked the door and allowed Bonner to leave.

22. At all relevant times, Defendant, as the employer of the employees at the store, is liable for the actions of the employees under the doctrine of respondeat superior.

### COUNT I – VIOLATIONS OF THE DC HUMAN RIGHTS ACT OF 1977, D.C. CODE § 2-1401 *et seq.*

23. This paragraph reincorporates paragraphs 1-22 of this Amended Complaint as though more fully set forth herein.

24. Defendant's store is place of public accommodation as defined by D.C. Code § 2-1401.02(24).

25. Bonner is a person as defined by D.C. Code § 2-1401.02(21).

26. Although Bonner was lawfully on the premises, she was denied service and was told to leave the store due to her race, color, or personal appearance. She was given no other valid reason for being told to leave.

27. By refusing to allow Bonner to shop in the store based on her personal characteristics, Defendant denied Bonner the full and equal enjoyment of a place of public accommodation in violation of D.C. Code § 2-1402.31(a)(1).

28. WHEREFORE, Bonner is entitled to a judgment against Defendant under Count I of this Complaint.

### COUNT II – FALSE IMPRISONMENT

29. This paragraph reincorporates paragraphs 1-22 of this Amended Complaint as though more fully set forth herein.

30. Although Bonner was not doing anything suspicious or unlawful, Defendant's employees locked the front door of the store. This door was the only exit available to Bonner.

31. By locking the door, Defendant unlawfully detained Bonner without a warrant and denied Bonner her personal liberty and freedom of movement.

32. Wherefore, Bonner is entitled to a judgment against Defendant under Count II of this Complaint.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. This paragraph reincorporates paragraphs 1-22 of this Amended Complaint as though more fully set forth herein.

34. Defendant's employees engaged in extreme and outrageous conduct by refusing to allow Bonner to shop in the store due to her race, color, or personal appearance. Defendant's employees continued extreme and outrageous conduct by locking Bonner inside the store.

35. Defendant's actions intentionally, or in the alternative, recklessly caused Bonner severe emotional distress. Defendant's actions were malicious.

36. Wherefore, Bonner is entitled to a judgment against Defendant under Count III of this Complaint.

### COUNT IV – DISCRIMINATION UNDER SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866; ALL PLAINTIFFS AGAINST ALL DEFENDANTS

37. This paragraph reincorporates paragraphs 1-22 of this Amended Complaint as though more fully set forth herein.

38. As described above, Defendant's outrageous conduct constituted discrimination because of Plaintiff's race in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*

39. Through Defendant's discriminatory conduct, it deprived Plaintiff of her right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981 in that she was asked to leave the store and falsely imprisoned on the basis of her race.

40. WHEREFORE, Plaintiff is entitled to a judgment against Defendant under Count IV of this Complaint.

### JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.      Award Plaintiff compensatory damages, in an amount to be proven at trial, for Defendant's harmful and discriminatory actions;

B.      Award Plaintiff punitive damages, in an amount to be proven at trial, for Defendant's malicious acts;

    C.    Award Plaintiff reasonable attorney's fees and costs pursuant to DC Code § 2-1403.16; and

    D.    Any other relief that this Court deems just and proper.

    Respectfully submitted,
Tasha Bonner

By Counsel:
GOWEN RHOADES WINOGRAD & SILVA PLLC

    /s/ F. Peter Silva, II
F. Peter Silva II, Esq.
D.C. Bar No: 1010483
513 Capitol Court NE STE 100
Washington, DC 20002
Phone: (202) 380-9355
Fax: (202) 499-1370
PSilva@gowenrhoades.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of May, 2016, a copy of the foregoing document was served via the Court's online filing system to:

Steven E. Leder
Christopher Olsen
Leder & Hale, PC
401 Washington Avenue, Suite 600
Baltimore, Maryland 21204
Attorneys for S-Fer Interntional, Inc., d/b/a Salvatore Ferragamo

    /s/ F. Peter Silva, II
F. Peter Silva II